**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JESSE R. REDMOND,

    Plaintiff,

        v.

CHAD LYTLE, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:16-CV-01804

(JUDGE CAPUTO)
(MAGISTRATE JUDGE SCHWAB)

## MEMORANDUM

Presently before this Court is Magistrate Judge Schwab's Report and Recommendation ("R&R") (Doc. 32) to Defendants' Motion to Dismiss and Motion for Summary Judgment (Doc. 13), and Plaintiff Jesse R. Redmond's Motion to Appoint Counsel (Doc. 33). Because Plaintiff's claim is governed by the Prison Litigation Reform Act ("PLRA"), Plaintiff had a duty to exhaust available administrative procedures. Since Plaintiff failed to exhaust such procedures, Magistrate Judge Schwab's recommendation to grant summary judgment in favor of Defendants Chad Lytle and John Adami will be adopted. Further, this Court will grant summary judgment in favor of Defendant Angelo Jordan because Plaintiff has not asserted an interest protected under the Fifth Amendment and his discipline was supported be sufficient evidence. Consequently, Plaintiff's Motion to Appoint Counsel will be denied as moot.

### I. Background

**A. Factual Background:**

The following facts appear in Defendants' Statement of Material Facts ("DSMF") filed pursuant to Local Rule 56.1:

Plaintiff Jesse R. Redmond ("Plaintiff") is a federal inmate formerly incarcerated at the United Sates Penitentiary located in Lewisburg, Pennsylvania. (DSMF ¶ 1.) On October 31, 2012, Corrections Officer Chad Lytle ("Lytle") conducted a random search of Plaintiff's

cell. (DSMF ¶ 4.) While searching Plaintiff's cell, Lytle discovered a number of items including: (1) a honey bottle containing ethyl alcohol hand sanitizer; (2) plastic bags with uncooked rice; (3) a plastic bag with uncooked grits; (4) a plastic bag containing brown sugar; (5) sixteen isoprophyl alcohol preparation pads; and (6) an inmate identification card that did not belong to Plaintiff. (DSMF ¶¶ 5-6.) Notably, according to policies established by the United States Bureau of Prisons ("BOP"), it was prohibited for an inmate to possess any of the items identified above. (DSMF ¶ 7.)

Upon further investigation, Lytle learned that Plaintiff worked as a Hospital Orderly at the prison, and that many of the prohibited items found in Plaintiff's cell may have been obtained from the prison's Health Services Department. (DSMF ¶¶ 8-9.) Following Lytle's search and investigation, he authored an incident report detailing the violations of BOP policy discovered during the October 31, 2012 search of Plaintiff's cell. (DSMF ¶ 11.) This incident report was provided to Plaintiff on November 1, 2012. (*Id.*) Specifically, Plaintiff was informed that he had violated five "codes" or policies in place at the prison: (1) Code 113, Possession of any narcotic, drugs, alcohol, intoxicants, or related paraphernalia not prescribed by medical staff; (2) Code 111, Introduction of any narcotic, alcohol, intoxicant, or related paraphernalia not prescribed by medical staff; (3) Code 219, Stealing; (4) Code 226, Possession of stolen property; and (5) Code 305, Possession of anything not authorized. (*Id.*)

As prescribed by the BOP, Plaintiff was advised of his rights before the Disciplinary Hearing Officer ("DHO") on November 2, 2012, and Plaintiff indicated he understood his rights prior to the start of the disciplinary hearing. (DSMF ¶¶ 13, 16.) At that time, Plaintiff requested a staff representative, and submitted a number of written statements for the DHO to review. (DSMF ¶ 13.) The DHO tasked to this matter was Defendant Angelo Jordan ("Jordan"), and he conducted the disciplinary hearing on December 17, 2012. (DSMF ¶¶ 13-

2

14.) As requested, Plaintiff was provided a staff representative for the hearing, Defendant John Adami ("Adami"). (DSMF ¶¶ 13, 15.)

At the hearing, Plaintiff testified that the facts in the incident report were accurate, but he believed his due process rights were violated because his cell had been search by two different staff members on October 31, 2012. (DSMF ¶¶ 17-18). In an attempt to substantiate this claim, Plaintiff wished to call Officer Stackhouse, the officer who conducted the search prior to Lytle, as a witness. (DSMF ¶ 19.) Adami contacted Officer Stackhouse, who submitted two written statements confirming she had searched Plaintiff's cell on the day in question, but she also noted that she had not conducted the search that lead to the instant incident report. (DSMF ¶¶ 20-22.) Notably, Officer Stackhouse wrote that she did not conclude the initial search because she was called away from Plaintiff's cell prior to completing the search. Upon Officer Stackhouse being called away from the cell, Officer Lytle began searching Plaintiff's cell and concluded the search.(DSMF ¶ 23.) In addition to a statment from Officer Stackhouse, Plaintiff requested video servailance footage of the incident. (DSMF ¶ 24.) Unfortunately, such video was no longer available. (*Id.*)

On January 3, 2013, Jordan provided Plaintiff a written report which detailed his findings. (DSMF ¶ 30.) The report concluded that Plaintiff violated Code 226, possession of stolen property. (DSMF ¶ 25.) Such a conclusion was reached after reviewing the incident report, statements submitted by Plaintiff and Stackhouse, and the photographs of the items at issue. (DSMF ¶ 26.)

As a result of having been found in violation of Code 226, Plaintiff was sanctioned to 30 days of Disciplinary Segregation, and 90-days loss of commissary, telephone, and visitation. (DSMF ¶ 27.) Notably, Plaintiff appealed the sanctions, and the incident report in question was expunged after a subsequent hearing at a different United States Penitentiary. (DSMF ¶ 32.) Plaintiff exhausted his appeal relative to the substantive Code

226 violation. During that appeal, Plaintiff argued that Defendant Jordan, acting as DHO, did not have sufficient evidence to find that he had stolen the items in question. (DSMF ¶ 44.) But, the appeal and subsequent administrative filings made by Plaintiff do not concern his transfer, the loss of his job and associated wages, or an inability to make funeral arrangements. (DSMF ¶¶ 42-43.)

## B. Procedural History:

Following the events described above, Plaintiff filed a Complaint on August 31, 2016 seeking monetary damages against three staff members at United States Penitentiary, Lewisburg: (1) Corrections Officer Chad Lytle, (2) Discipline Hearing Officer Angelo Jordan and (3) Unit Manager John Adami. On November 14, 2017, Defendants moved to dismiss the Complaint and simultaneously moved for summary judgment.

Magistrate Judge Schwab conducted an initial review of Defendants' motions and authored an R&R on May 26, 2017 in which Magistrate Judge Schwab recommends this Court grant Defendants' motions. Plaintiff has filed a timely objection.

Notably, following Magistrate Judge Schwab's R&R, Plaintiff filed a Motion to Appoint Counsel. Plaintiff was denied an earlier request to be provided counsel by Magistrate Judge Schwab on September 14, 2016.

## II. Legal Standard

## A. Review of the Report and Recommendation

Where objections to a magistrate judge's R&R are filed, the Court must conduct a *de novo* review of the contested portions. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). This only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).

In conducting a *de novo* review, a court may accept, reject, or modify, in whole or

in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## B.     Motion for Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Wright v. Corning*, 679 F.3d 101, 103 (3d Cir. 2012) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. *See Edelman v. Comm'r of Soc. Sec.*, 83 F.3d 68, 70 (3d Cir. 1996). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one.

*Anderson*, 477 U.S. at 247-48. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The moving party may present its own evidence or, where the non-moving party has the burden of proof, simply point out to the court that "the nonmoving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When considering whether there are genuine issues of material fact, the court is required to "examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57. The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

In order to prevail on a motion for summary judgment, the non-moving party must show "specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. N.J. Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007) (citing FED. R. CIV. P. 56(e)). Although the non-moving party's evidence may be either direct or circumstantial, and "need not be as great as a preponderance, the evidence must be more than a scintilla." *Id*. (quoting *Hugh v. Butler*

6

*Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### III. Discussion

A.      **Recommendation to Grant Summary Judgment in Favor of Defendants Lytle and Adami**

Plaintiff has offered a specific and timely objection to Magistrate Judge Schwab's recommendation that summary judgment[1] be granted in favor of Defendants Lytle and Adami. Plaintiff rests on a single argument:  Magistrate Judge Schwab ignored the fact that Plaintiff seeks only monetary damages. Plaintiff contends that the PLRA's exhaustion requirement is inapplicable to claims solely seeking monetary damages. Plaintiff is incorrect.

Plaintiff relies on a single case to support his argument that the PLRA's exhaustion requirement does not apply to bar his claim: *McCarthy v. Madigan*, 503 U.S. 140 (1992). There, as Plaintiff correctly notes,  the Supreme Court held that a federal prisoner's claim was not barred by the exhaustion requirement because he only sought monetary relief. *McCarthy*, 503 U.S. at 156. Thus, following the Court's decision in *McCarthy*, a Plaintiff only seeking monetary relief was able to file a *Bivens* action prior to exhausting his administrative remedies. Unfortunately, *McCarthy* was displaced when the PLRA became effective on April 26, 1996. As noted by both the Supreme Court and the Third Circuit, *McCarthy* is not applicable to claims governed by the PLRA. *See Booth v. Churner*, 532

---

[1]      Defendants' Motion to Dismiss was properly converted to a Motion for Summary Judgment to resolve the "narrow issue of exhaustion and the relatively straightforward questions about plaintiff's efforts to exhaust. . . ." *McCoy v. Goord*, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003). Proper notice was provided to Plaintiff as required by Federal Rule of Civil Procedure 12(d).

U.S. 731, 740-41 (2001) (explaining that Congress' imposition of a broader exhaustion requirement in the PLRA displaced the holding in *McCarthy*); *Ghana v. Holland*, 226 F.3d 175, 184 (3d Cir. 2000) (citing *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000)). Now, even plaintiffs seeking only monetary damages must exhaust their administrative remedies.

As explained by Magistrate Judge Schwab, and accepted by Plaintiff, Plaintiff failed to exhaust the BOP's administrative procedures for claims against Defendant Lytle and Adami. There is no material dispute of fact regarding Plaintiff's failure to exhaust. (DSMF ¶¶ 42-43.) Following the Court's decision in *Booth*, it is clear Plaintiff was required to exhaust his administrative remedies before filing an action in federal court. Because Plaintiff failed to exhaust the BOP's administrative procedures, Defendants are owed summary judgment. For this reason, this Court will adopt Magistrate Judge Schwab's recommendation and grant summary judgment in favor of Defendants Lytle and Adami.

**B. Recommendation to Grant Defendant Jordan's Motion to Dismiss**

As an initial matter, Magistrate Judge Schwab had considered this action pursuant to Federal Rule of Civil Procedure 12(b)(6). But, since Defendants have offered information outside of the pleadings to support their position that no cognizable claim exists, and Defendants had in fact moved for summary judgment, this matter is properly considered as a motion for summary judgment. *See* FED.R.CIV.P. 12(d), 56(a). Additionally, Plaintiff has offered a timely and specific objection to Magistrate Judge Schwab's recommendation that Plaintiff's claim against Defendant Jordan be dismissed for failing to state a claim upon which relief could be granted.

It is well-settled that a claim premised on a violation of the Fifth Amendment's Due Process Clause requires a two-part analysis. First, the Court is required to determine whether a Plaintiff has asserted an interest within the scope of the Amendment's protection of life, liberty, or property. *See Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000). Second,

if the interest is one within the Amendment's ambit, "the question then becomes what process is due to protect it." *Id.* Here, Magistrate Judge Shwab held that Plaintiff's asserted interest was not an interest protected by the Fifth Amendment, and thus no Fifth Amendment due process claim could be made.

At bottom, Plaintiff argues that his due process rights were violated because Defendant Jordan, acting as the prisons DHO, found Plaintiff "guilty even though there was no evidence to support that finding." (Doc. 26, at 3.) Such objection challenges the second step of the analysis as discussed above–"what process is due?"–while ignoring whether or not Plaintiff has asserted an interest protected by the Fifth Amendment.

First, it is important to note that Magistrate Judge Schwab was correct: Plaintiff has not asserted a violation of an interest protected by the Fifth Amendment's Due Process Clause. The punishment suffered by Plaintiff does not invoke a liberty interest protected by either the Due Process Clause or state law. *See Torres v. Fauver*, 292 F.3d 141, 150 (3d Cir. 2002) (explaining that no liberty interest was violated when an inmate was subject to administrative or restrictive housing quarters); *Perez v. Fed. Bureau of Prisons*, 229 Fed. App'x 55, 58 (3d Cir. 2007) (noting that denial of telephone privileges does not implicate a protected liberty interest); *Henry v. Dep't of Corr.*, 131 Fed. Appx. 847, 849 (3d Cir. 2005) ("Courts have held that a loss of visitation privileges is one of the ordinary incidents of prison confinement," and thus does not implicate a protected liberty interest); *Wilkins v. Bittenbender*, No. 06-2827, 2007 WL 708993, at *2 (3d Cir. 2007) (holding that an inmates loss of "commissary and telephone privileges certainly do not qualify" as a violation of a protected liberty interest). For this reason alone, Defendant Jordan's Motion for Summary Judgment should be granted because Plaintiff cannot pursue this action as a matter of law.

Even if this Court were to conclude that Plaintiff had asserted an interest protected by the Fifth Amendment, Plaintiff's claim would still fail. It is well-established that "prison

disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings do not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Supreme Court has made clear that a prison disciplinary proceeding comports with the mandates of due process if the disciplinary decision is based on at least "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454-56 (1985). In other words, the disciplinary hearing officer need not conduct an "examination of the entire record, independent assessment of the credibility of witnesses, or weighing of evidence." *Id.* at 455. Rather, to comply with the requirements of the due process clause of the Fifth Amendment a disciplinary hearing officer must simply be able to point to "any evidence in the record that *could* support the conclusion reached." *Id.* at 455-56 (emphasis added).

Here, Defendants have offered evidence suggesting that Defendant Jordan did review "some evidence" prior to rendering his decision. For example, Defendant Jordan reviewed the incident report, statements by witnesses, and photographs of contraband found in Plaintiff's control. (DSMF ¶ 21, 26.) Defendant Jordan's consideration of this evidence suffices to meet the low bar established by the Court in *Hill*.

Now, Plaintiff may claim that there is a material dispute as to what information was reviewed by Defendant Jordan prior to rendering his decision. But, Plaintiff has not provided an Answer to Defendants' Statement of Facts compliant with Local Rule 56.1. As such, Defendants Statement of Facts will be considered undisputed and deemed admitted. *See, e.g.*, *Carpenter v. Kloposki*, No. 08-2233, 2012 WL 911558, at *1 (M.D. Pa. Mar. 16, 2012) (noting that a when a *pro se* plaintiff fails to provide a complaint Statement of Facts as required by Local Rule 56.1, defendant's statement of fact will be deemed admitted). In fact, Plaintiff's Answer to Defendants' Statement of Material Fact was not only non-compliant with Local Rule 56.1, but offers nothing more than mere conclusions. Such statements need not be considered when determining whether or not there is a genuine dispute of material

fact. *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). Therefore, no dispute of material fact exists.

Defendant Jordan is owed summary judgment because Plaintiff has not asserted an interest protected by the Fifth Amendment, and it is not in dispute that Jordan reviewed "some evidence" prior to rendering his decision.

### IV. Conclusion

For the above stated reasons, this Court will grant Defendants' Motion for Summary Judgment and enter judgment in favor of Defendants.

An appropriate order follows.


October 27, 2017                                        /s/ A. Richard Caputo
Date                                                   A. Richard Caputo
                                                       United States District Judge

11